1  "Trey" A.R. Dayes III (#020805)
   treyd@phillipslaw.com
2  PHILLIPS LAW GROUP, P.C.
   3101 North Central Avenue, Suite 1500
3  Phoenix, Arizona 85012
   Telephone: (602) 258-8900 x301
4
   Attorney for Plaintiff
5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF ARIZONA**

8  Armando Lopez,                          | Case No.:

9                Plaintiff,                                **COMPLAINT**

10 vs.                                                    **JURY DEMAND**

11 Cunningham & Associates, Inc., an Arizona
   corporation; George Cunningham and Jane Doe
12 Cunningham 1, husband and wife; Bob L.
   Cunningham and Jane Doe Cunningham 2,
13 husband and wife; Patricia A. Cunningham and
   John Doe Cunningham, wife and husband,
14
                 Defendants.
15

16        Plaintiff Armando Lopez ("Plaintiff"), for his Complaint against Defendants

17 Cunningham & Associates, Inc. ("Cunningham"), George Cunningham, Jane Doe Cunningham

18 1, Bob L. Cunningham, Jane Doe Cunningham 2, Patricia A. Cunningham and John Doe

19 Cunningham (collectively, "Defendants"), alleges as follows:

20                          **NATURE OF THE CASE**

21        1.      Plaintiff brings this action against Defendants for unlawful failure to pay

22 overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

23 ("FLSA") and the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("Arizona

24 Wage Statute").

25 / / /

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3.     Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy.  This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

4.     Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

5.     Plaintiff is a resident of Maricopa County, Arizona.

6.     Defendant Cunningham & Associates, Inc., is incorporated in the State of Arizona and has its principal place of business at 6502 North 27th Avenue, Phoenix, AZ 85017.

7.     Defendant George Cunningham is the President and a Director of Cunningham & Associates, Inc., and, upon information and belief, resides in Maricopa County, Arizona.

8.     Defendant Bob L. Cunningham is the Secretary and a Director of Cunningham & Associates, Inc., and, upon information and belief, resides in Maricopa County, Arizona.

9.     Defendant Patricia A. Cunningham is the Treasurer and a Director of Cunningham & Associations, Inc., and upon information and belief, resides in Maricopa County, Arizona.

10.     As such, Defendants George Cunningham, Bob L. Cunningham and Patricia A. Cunningham act in the interest of Defendant Cunningham & Associates, Inc., and are subject to individual liability as employers of Plaintiff.

11.     Defendants George Cunningham and Jane Doe Cunningham 1 are husband and wife.  Jane Doe Cunningham 1 is the fictitious name for George Cunningham's wife.  When

1  her true name has been ascertained, this Complaint shall be amended accordingly.  George and

2  Jane Doe Cunningham 1 have caused events to take place giving rise to this Complaint as to

3  which their marital community is fully liable.

4         12.     Defendants Bob L. Cunningham and Jane Doe Cunningham 2 are husband and

5  wife.  Jane Doe Cunningham 2 is the fictitious name for Bob L. Cunningham's wife.  When

6  her true name has been ascertained, this Complaint shall be amended accordingly.  Bob L. and

7  Jane Doe Cunningham 2 have caused events to take place giving rise to this Complaint as to

8  which their marital community is fully liable.

9         13.     Defendants Patricia A. Cunningham and John Doe Cunningham are wife and

10  husband.  John Doe Cunningham is the fictitious name for Patricia A. Cunningham's husband.

11  When his true name has been ascertained, this Complaint shall be amended accordingly.

12  Patricia A. and John Doe Cunningham have caused events to take place giving rise to this

13  Complaint as to which their marital community is fully liable.

14         14.     At all relevant times, Plaintiff was an "employee" of Cunningham, as defined by

15  29 U.S.C. §203(e)(1).

16         15.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA

17  apply to Cunningham, and Plaintiff was covered by these sections of the FLSA during his

18  employment by Cunningham.

19         16.     At all relevant times, Cunningham was and continues to be an employer as

20  defined in 29 U.S.C. § 203(d).

21         17.     At all times material to this action, Cunningham was and is an enterprise engaged

22  in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the

23  FLSA.

24         18.     Upon information and belief, at all relevant times, the annual gross revenue of

25  Cunningham exceeded $500,000.00.

**FACTUAL BACKGROUND**

19.     Plaintiff originally brought a complaint with the United States Department of Labor, Wage and Hour Division ("DOL"), which resulted in a determination that Cunningham owed Plaintiff $875.40 in unpaid overtime wages for the period November 20, 2010 through December 17, 2011.

20.     Plaintiff adopts the findings of the DOL and does not have to litigate the issue of whether or not he is entitled to the overtime payment.  The Court may take judicial notice of the DOL's determination.

21.     On or about July 11, 2012, Cunningham presented Plaintiff with a letter signed by Defendant George Cunningham, check number 10784 for $814.56, the net wages payable after deductions, and a DOL form Receipt for Payment of Back Wages, Employment Benefits, or Other Compensation (the "Receipt").

22.     On or about July 12, 2012, George Cunningham, as President of Cunningham, signed the Receipt under the Employer's Certification to Wage and Hour Division of the Department of Labor, certifying "I hereby certify that I have on this (Date) 7/12/12 paid the above-named employee in full covering lost or denied wages or other compensation as stated above."

23.     Plaintiff signed the Release to accept the payment on or about August 6, 2012.

24.     Plaintiff deposited Cunningham's check, but, despite George Cunningham's certificate to the DOL on the receipt, the check was returned unpaid as a stop payment had been placed on it.

25.     Plaintiff asked George Cunningham to replace the check, but he refused and told Plaintiff to "get a lawyer."

26.     Plaintiff has retained the law firm of Phillips Law Group, P.C., to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the

prosecution of this action on his behalf.

## COUNT ONE
### (Failure to Pay Overtime Wages - FLSA - 29 U.S.C. § 207)

27.     Plaintiff incorporates and adopts paragraphs 1 through 26 above as if fully set forth herein.

28.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime pay.

29.     Cunningham was an employer as defined in the FLSA.

30.     Cunningham failed to comply with 29 U.S.C. § 207 because Plaintiff worked in excess of forty hours per week, but Cunningham failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

31.     Cunningham's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.  Cunningham had no reason to believe its failure to pay overtime was not a violation of the FLSA.  Indeed, Cunningham was advised by the DOL that wages were due and still refused to pay Plaintiff what he was rightfully owed.

32.     Cunningham has continually failed and/or refused to pay Plaintiff his overtime wages, even after having been ordered to do so by the DOL, and after having certified that payment had been made.

33.     As a result of Cunningham's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

34.     Cunningham has not made a good faith effort to comply with the FLSA.

35.     In addition to the amount of unpaid overtime wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
### (Failure to Pay Timely Wages Due - Arizona Wage Statute)

37.     Plaintiff incorporates and adopts paragraphs 1 through 31 above as if fully set forth herein.

38.     Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 6 23-351.

39.     Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

40.     Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

41.     Defendants' failure to pay timely wages is made all the more egregious by the DOL investigation that determined the wages were due.

42.     Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory 13 remedies provided pursuant to A.R.S. § 23-355.

## COUNT THREE
### (Fraud)

43.     Plaintiff incorporates and adopts paragraphs 1 through 42 above as if fully set forth herein.

44.     Defendant Robert Cunningham signed the Receipt representing to Plaintiff that Defendants had paid Plaintiff the amount of wages due to him when it tendered him its check.

45.     The July 11, 2012 letter from Defendant Robert Cunningham required Plaintiff to sign the Receipt prior to negotiating the check.

46.     Defendants' representation to Plaintiff that it was paying him pursuant to "our

1  recent understanding Wage & Hour Division of the U.S. Department of Labor" was patently

2  false, as Defendant had stopped payment on its check.

3       47.    The representation that Defendant had paid Plaintiff was material, in that absent

4  this representation, Plaintiff would not have been induced to sign the Receipt.

5       48.    Defendant knew that its representation was false and that it had already or

6  intended to stop payment on its check when the representation of payment was made to

7  Plaintiff.

8       49.    Defendant intended that Plaintiff rely upon its representation that it had made

9  payment in full to Plaintiff.

10       50.    Plaintiff had no way of knowing at the time that the representation was false, as

11  Plaintiff was required to sign the Receipt prior to negotiating the check.

12       51.    Plaintiff relied on Defendants' representation that its check would be honored

13  and that he would receive his full payment when he executed the Receipt on August 6, 2012.

14       52.    Plaintiff had the right to rely on the Defendants' representation that it had made

15  payment in full to him.

16       53.    As a consequent and proximate result of Plaintiff's reliance on the fraudulent

17  representation of Defendants, Plaintiff signed the Receipt on August 6, 2012, which has the

18  detrimental effect of precluding Plaintiff's right to bring suit to recover the unpaid overtime

19  wages, liquidated damages, attorneys' fees and costs.

20       54.    Plaintiff is entitled to rescission of the Receipt in light of Defendants' fraudulent

21  misrepresentation that induced Plaintiff to sign it.

22       55.    Plaintiff is entitled to an award of punitive damages to punish Defendants and

23  deter such egregious and evil conduct in the future.

24       WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

25  against Defendants as follows:

1      a. Declaring that Defendants willfully violated overtime provisions of the

2         FLSA, 29 U.S.C. § 207;

3      b. Declaring that Defendants willfully violated the Arizona Wage Statute by

4         failing to timely pay all wages due to Plaintiff;

5      c. Awarding Plaintiff compensatory damages, including liquidated damages

6         pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. §

7         23-355, to be determined at trial;

8      d. Awarding Plaintiff punitive damages in an amount to punish Defendants and

9         deter such egregious and evil conduct in the future;

10     e. Awarding interest on all overtime compensation due accruing from the date

11        such amounts were due

12     f. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the

13        litigation pursuant to 29 U.S.C. § 216(b);

14     g. Awarding Plaintiff pre- and post-judgment interest;

15     h. Ordering any other and further relief as the Court deems just and proper.

16                         **<u>DEMAND FOR JURY TRIAL</u>**

17       Plaintiff hereby requests that upon trial of this action, all issues be submitted to and

18  determined by a jury except those issues expressly reserved by law for determination by the

19  Court.

20  Dated:  October 24, 2012          Respectfully submitted,

21                              P H I L L I P S  L A W  G R O U P, P.C.

22                           By <u>/s/ "Trey" A.R. Dayes III         </u>
                                  "Trey" A.R. Dayes III

23                                 Arizona Bar No. 020805
                                 Email: treyd@phillipslaw.com

24

25                           Attorney for Plaintiff